UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 12-08-JBC**

**KNC INVESTMENTS, LLC,**                                    **PLAINTIFF,**

**V.**          <u>**MEMORANDUM OPINION AND ORDER**</u>

**LANE'S END STALLIONS, INC.,**                          **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of Lane's End Stallions, Inc., for attorneys' fees (R. 35). Because the claims brought by KNC Investments, LLC, in this particular case were not meritless, and thus do not fall under the bad-faith exception to the "American rule" against fee-shifting, the court will deny the motion.

This action is the second between these parties before this court. In the first action, *KNC Investments, LLC, v. Lane's End Stallions, Inc.,* No. 5:11-cv-00107-JBC ("*KNC I*"), the court awarded summary judgment to Lane's End regarding its fiduciary duties to KNC based on the court's interpretation of the agreement between the parties. KNC's appeal of that ruling is currently pending. In the meantime, KNC brought the current action against Lane's End, asserting other causes of action grounded in the same agreement. The court dismissed the counts addressing conduct by Lane's End that was ongoing at the time *KNC I* was commenced as barred by *res judicata*, because they could have and should have been brought in the first action. Even though the remaining count was also

1

grounded in the agreement between the parties, the court evaluated KNC's argument because it alleged conduct that occurred after the commencement of *KNC I*; however, the court also granted summary judgment to Lane's End on that count. KNC has also appealed these rulings. After the court found in its favor, Lane's End filed the current motion for attorneys' fees, asserting that KNC brought the current action in bad faith.

First, the court will deny KNC's motion to file a sur-reply, and will not consider the proffered sur-reply in determining the outcome of Lane's End's motion. The motion does not assert that Lane's End made new substantive arguments in its reply, only that it misstated the record regarding KNC's actions and its motivations. The record, however, is readily available for the court to review, and the court does not take either party's version of the facts at face value. KNC also suggests that Lane's End makes a new argument in its reply by asserting that Jamgotchian's emails provide evidence that KNC's "purpose behind this litigation is solely to 'coerce, badger, threaten and harass Lane's End,'" R. 39 at 3; however, that argument is readily discernible as underlying Lane's End's motion, even if Lane's End did not use those exact words. Accordingly, the court will disregard the proffered sur-reply.

The court will not award attorneys' fees in this case because KNC's actions in bringing the current action are not sufficiently demonstrative of bad faith. The "American rule" generally prohibits fee-shifting, *see BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (2010), and Lane's End has asserted no statutory

basis for fee-shifting. Instead, Lane's End suggests that the court should use its inherent powers to sanction KNC through an award of attorneys' fees for "attempt[ing] to re-litigate questions 'time and time again.'" R. 35-1 at 5. The court, however, is empowered to award attorneys' fees under its own inherent powers only in cases that fall under the bad-faith exception to the "American rule," or in other words, where all of the following are true: that KNC's "claims advanced were meritless; that counsel knew or should have known this; and that the motive for filing the suit was for an improper purpose such as harassment." *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (2010).

Here, though the court found that some of KNC's claims in this case were barred by *res judicata*, such a finding does not automatically indicate that the claims were meritless. KNC's justification for bringing these claims in the current case, as opposed to in *KNC I*, was that it chose not to do so in *KNC I* based on alleged assertions by Lane's End, and its own assertion that Lane's End then failed to comply with what it had stated it would do. Though the court found this argument insufficient, the argument was colorable in light of the allegedly changed circumstances and the fact that the court had not squarely addressed the specific issue in *KNC I*. This is not a circumstance like those in *Benboe v. Carroll*, 494 F. Supp. 462 (W.D. Ky. 1977), or *Yinger v. City of Dearborn*, 132 F.3d 35 (6th Cir. 1997), where the claims barred by *res judicata* were "identical" to previously-brought claims. Likewise, though KNC did not succeed in its arguments on its claim that was not barred by *res judicata*, those arguments were based on a colorable,

3

though incorrect, interpretation of the agreement between the parties and addressed conduct that occurred after the commencement of *KNC I*. Thus, though KNC's arguments in the current case were not successful, they were not meritless, and the court cannot award attorneys' fees under the bad-faith exception.

Though the court will not award attorneys' fees in this case, it is, however, appropriate to note that there is evidence of a pattern of harassment on KNC's part as demonstrated by the plethora of venomous and litigation-threatening messages Jamgotchian has addressed to Lane's End. Furthermore, KNC's complaint pending before the Woodford County Circuit Court asserts causes of action that appear to be similar to those in *KNC I*. *See* R. 35-7. This court, however, is bound in its determination of whether an award of attorneys' fees is appropriate by the limits of *this* particular case before *this* court, s*ee Wrenn v. Gould*, 808 F.2d 493, 504 (6th Cir. 1987); whether attorneys' fees may be warranted in the Woodford County action is a question properly addressed to that court.

Accordingly,

**IT IS ORDERED** that Lane's End's motion for attorneys' fees (R. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that KNC's motion to file a sur-reply (R. 39) is **DENIED**.

Signed on August 30, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY