UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 12-08-KKC

KNC INVESTMENTS, LLC,                                                           PLAINTIFF,

V.                         MEMORANDUM OPINION & ORDER

LANE'S END STALLIONS, INC.,                                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on remand from the Sixth Circuit Court of Appeals. Defendant Lane's End Stallions has filed a motion to dismiss (R. 52) for lack of subject matter jurisdiction. This is the second case between these parties currently before the court and this case also seeks a determination of whether a live case or controversy still exists.[1]

The plaintiff KNC is one of 40 owners in the thoroughbred stallion Lemon Drop Kid Syndicate (the "Syndicate"). KNC filed this second suit against Lane's End in January 2012 seeking a declaratory judgment and injunction. In a memorandum opinion and order dated May 17, 2012, Chief Judge Jennifer B. Coffman determined that some of the claims raised, such as those regarding separation of accounts and commingling of funds were ongoing in the previous action and barred by *res judicata*. However, in that same opinion, Judge Coffman addressed Count III relating to the methods by which Lane's End allocated excess book nominations and KNC's request to breed Lemon Drop Kid to five of his own mares, and Lane's End's refusal on

---

[1] This case involves the same parties and is related to *KNC Investments, LLC v. Lane's End Stallions, LLC*, 5:11-CV-107-KKC that is also currently pending before the court on remand. Additionally, the court notes that the dispute between the parties extends back as far as 2010, *see* 5:10-CV-360, *Lane's End Stallions, Inc. v. KNC Investments, LLC, et al.*, however, that case was closed in 2011 and appears to be unrelated to the current dispute.

the ground that it had already sold the bonus nominations.  The court determined that count III was grounded in the memorialized Syndicate Agreement between the parties and granted summary judgment in favor of Lane's End.  KNC appealed that ruling to the Sixth Circuit.  While on appeal, the Syndicate Agreement was amended and ratified by thirty-nine of the Owners (all except KNC).  Given this development a "suggestion of mootness" was filed in the Sixth Circuit.  The matter is now before this court upon remand from the Sixth Circuit to determine whether a live controversy remains.

The court will grant Lane's End's motion to dismiss because Federal jurisdiction exists only in actual, ongoing cases or controversies.  With respect to Lane's End's complained of sale of bonus nominations, thirty-nine of the forty Syndicate Owners ratified Lane's End's decisions.  The Syndicate agreement now states in Section 6.16(f) that the Owners ratify:

> Lane's End's past or future determinations as to the sale of excess book Nominations, including, without limitation, its (i) determinations as to whom such Nominations are sold, including whether, or not, to prefer any Owner in the purchase of such Nominations; (ii) determinations as to which mares are acceptable pairings for LEMON DROP KID; . . .(v) determination of total number of excess book Nominations to be sold[.]

All of the Owners, including KNC, have been on notice of the effectiveness of the Amended and Restated Syndicate since June 2012.  Federal jurisdiction exists only in actual, ongoing cases or controversies.  "A case may become moot if, as a result of events that occur during pendency of the litigation, the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012)(internal citations omitted).  2010)(holding the "test" for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties).

2

KNC's persists in arguing that existing fact issues warrant discovery in this matter and in trying to cast doubt upon the integrity of the amendment process. Specifically, KNC argues there was a "secret and confidential settlement of Josham Farm's claims against Lane's End," and indicates this dispute is being pursued in State Court in a related case of *Krohn v. Miller, et al*. *See* R. 59 at 2. The Court is not persuaded to delve into a pending State court matter or allow discovery in this matter to be re-opened to do so. Lane's End provided a sworn affidavit dated March 7, 2013 from Thomas Hyams, the Secretary and Treasurer of Lane's End, detailing the amendment process. *See* R. 53, Ex. 2 (Sealed Affidavit) Other than KNC's own speculation, there is nothing to suggest that the amendment process of the Syndicate Agreement was invalid. Thus, KNC's request for additional discovery is denied.

KNC also suggests that its claims for monetary relief are still "alive." KNC argues it is entitled to damages because of Lane's End's alleged breach of fiduciary duties. However, Judge Coffman expressly found that "because KNC is not entitled to a declaratory judgment on its claims in Count III, its claims in Count IV for breach of fiduciary duties that do not exist with regard to disposal of bonus Nominations under the Syndicate Agreement, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted." R. 32 at 10. Contrary to KNC's assertion, the breach of fiduciary duty claims were expressly dismissed and therefore, there can be no "surviving" claim for damages stemming from those dismissed claims.

Finally, KNC's continued requests for discovery seeking the names of the other Syndicate owners will be denied. KNC filed a motion seeking leave to file an affidavit under Rule 56(d) from its own counsel Rebekah Ballard in support of its need to conduct discovery.

3

*See* R. 64. Because the court has determined that this entire matter is moot, this motion for leave to file a Rule 56(d) affidavit will also be denied as moot.

For the reasons discussed,

**IT IS ORDERED** that Lane's End motion (R. 52) is **GRANTED** and this matter is **DISMISSED** for lack of jurisdiction. All pending motions are **DENIED AS MOOT**.

Signed By:
*Karen K. Caldwell*
United States District Judge